UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY WEIS On Behalf of Himself and All Others
Similarly Situated,

       Plaintiffs,

   -vs.-

TENNANT SALES AND SERVICE COMPANY,

       Defendants.
------------------------------------------------------------------X

Case No:

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

  Plaintiff GARY WEIS (hereinafter "Weis") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against TENNANT SALES AND SERVICE COMPANY (hereinafter "Tennant" or "Defendant"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

  1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the commission payment provisions of New York Labor Law § 190, et seq.; (v) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vi) any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiffs worked for Defendant, the manufacturer, retailer, and maintainer of various industrial cleaning devices, as Field Technicians. Since approximately February 2020, Defendants required Plaintiffs to work, and Plaintiffs did work, more than forty (40) hours per week. However, Defendants failed to pay them at the overtime rate of one and one-half times their regular rate of pay for each hour that Plaintiffs worked per week in excess of forty, as the FLSA and the NYLL require. Further, throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL. Moreover, Defendants failed to pay Mr. Weis commission which are owed to him. Lastly, Defendants failed to furnish Plaintiff with accurate wage statements on each payday as the NYLL requires.

3. Defendants paid and treated all of their Field Technicians in a similar manner.

4. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

6. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

7. Plaintiffs further and alternatively invoke 28 U.S.C. § 1332, insofar as it involves a Defendant who is a citizen of Minnesota for the purposes of diversity jurisdiction and a Plaintiff who is a citizen of the state of New York for the purpose of diversity jurisdiction.

8. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

11. At all relevant times herein relevant, Plaintiff Weis is a resident of the State of New York, resides in Montgomery, New York.

12. For the purposes of diversity jurisdiction, Plaintiff Weis is a citizen of the state of New York.

13. At all times herein relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

14. At all times herein relevant, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

15. At all relevant times herein, Tennant was and is a foreign business corporation with its principal place of business located at 701 North Lilac Drive, Minneapolis, MN 55422.

16. For the purposes of diversity jurisdiction, Defendant Tennant is a citizen of the state of Minnesota.

17. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA, NYLL, and the NYCCRR.

18. Upon information and belief, for the calendar year 2018 the Defendant's gross receipts were not less than $500,000.00.

19. Upon information and belief, for the calendar year 2019 the Defendant's gross receipts were not less than $500,000.00.

20. Upon information and belief, for the calendar year 2020 the Defendant's gross receipts were not less than $500,000.00.

21. Upon information and belief, for the calendar year 2021 the Defendant's gross receipts will not be less than $500,000.00.

22. Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise.

23. Furthermore, the Defendant's employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the

FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt hourly paid field technicians, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

25. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

26. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

27. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

28. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and,

    e. A class action is superior to other methods of adjudication.

29. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as an hourly paid field technician, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

30. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

31. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished

and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

32.     As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime. Plaintiffs and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, and on a weekly basis, and to be furnished with accurate wage statements. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due

to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

33. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiff overtime pay for their hours worked over forty each week, and paid Plaintiff every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff is no longer employed with the Defendant, and thus have no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

34. Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

35. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

36. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

37. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

38. Defendants own and operate a company that provides cleaning products and solutions.

39. From six years prior to the commencement of this action Defendant employed Field Technicians throughout New York State.

40. Mr. Weis, a Coast Guard Veteran, who received the rank of Machinery Petit Officer- Third Class and was Honorably Discharged, worked for the Defendants from on or about August 2011 until on or about November 10, 2020.

41. Throughout his employment, Mr. Weis worked as a Field Technician. In that role, Mr. Weis, like all Field Technicians, maintained, troubleshot, and performed repairs on Tennant products.

42. Throughout his employment, Mr. Weis had the same job duties, including but not limited to, repairing and servicing commercial floor care machines and other products sold by the Defendant.

43. As employees of the Defendant, Field Technicians, including Mr. Weis, were primarily responsible for performing manual tasks, including using tools to repair Defendant's products.

44. Throughout the statutory time period, Plaintiff and other Field Technicians regularly performed these manual tasks during the majority of their hours worked. Therefore, Plaintiff and other Field Technicians spent more than twenty-five percent of their hours worked performing such manual tasks.

45. Throughout the statutory period to the present, Defendant paid Plaintiff and other Field Technicians by check every two weeks.

46. Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other Repair Technicians their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

47. Defendants both treated and paid Mr. Weis and the Class Members in a similar manner.

48. From on or about February 2020 until his termination (the "OT Period"), Defendants required Mr. Weis, to work – and he did in fact work – from 8:00AM until 6:00PM, Mondays through Fridays, inclusive.

49. However, in an effort to minimize their overtime costs, during the OT Period, Defendant required Mr. Weis to state that he only 40 hours per week and move any hours over forty to the next week.

50. From the beginning of the statutory period until March 2019, Mr. Weis was paid $27.85 per hour.

51. From on or about April 2019, until the end of his employment, Mr. Weis was paid $31.81 per hour.

52. Throughout the OT Period, Defendant failed to compensate Mr. Weis at one- and one-half times his applicable regular rate of pay for hours worked over 40 per week.

53. Throughout the OT Period, Defendant paid Mr. Weis every two weeks without providing him with accurate wage statements that reflected the amount of hours that he worked.

54. Separate and apart from his hourly wages, Mr. Weis also received small commissions for generating sales leads with Defendant's existing customers. For instance, if a

machine was broken beyond repair, Mr. Weis would advise Defendant's sales team so they could try to sell a replacement item. If the Defendant's sales team was successful, Mr. Weis would receive a small commission.

55. Defendant failed to pay Mr. Weis his final commission payment of approximately $1,500.00.

56. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

57. Every hour that Plaintiff worked was for Defendant's benefit.

58. Defendants treated all FLSA Plaintiffs and Rule 23 Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

59. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

61. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and the FLSA Plaintiffs are employees within the meaning of the FLSA.

62. As also described above, Plaintiffs and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

63. The Defendants willfully violated the FLSA.

64. As such, Plaintiffs and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

65. Plaintiffs and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

66. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

67. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

70. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

71. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Wages*

72. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73. From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

74. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

75. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

76. Defendants violations of the NYLL have been willful and intentional.

77. Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

78. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

80. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

81. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

82. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Timely Pay Commissions in Violations of NYLL*

83. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84. Under N.Y. Labor Law § 191, Defendants were to pay the Plaintiff all of the commissions due and owing to him.

85. Defendants failed to pay Plaintiff all of the commission wages due and owing to the Plaintiff.

86. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Commissions in Violations of NYLL*

87. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

88. Plaintiff was an employee of the Defendants as defined in N.Y. Labor Law § 190.

89. Defendants were Plaintiff's employer as the term is defined in N.Y. Labor Law § 190.

90. The commissions owed by the Defendants to the Plaintiff are "wages" within the meaning of N.Y. Labor Law § 190.

91. Defendants knowingly failed to pay Plaintiff his earned commissions in accordance with the agreed upon terms of his employment agreement and as required by statute, in violations of N.Y. Labor Law § 190.

92. Defendants' failure to pay Plaintiff's earned commissions, were willful.

93. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

### DEMAND FOR A JURY TRIAL

94. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  i. Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York

 March 2, 2021

            Respectfully submitted,
            LAW OFFICES OF WILLIAM CAFARO

            _____
            By: Amit Kumar, Esq. (AK 0822)
            *Attorneys for the Named Plaintiff as Well as the*
            *Putative Class and Collective*
            108 West 39th Street, Suite 602
            New York, New York 10018
            (212) 583-7400
            AKumar@CafaroEsq.com