UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY WEIS,

                          Plaintiff,

v.                                                          ORDER

TENNANT SALES AND SERVICE              21-cv-01786 (PMH)
COMPANY,

                        Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       The parties in this wage-and-hour case have submitted a joint letter (Doc. 26), a proposed settlement agreement (Doc. 26-1), and a copy of Plaintiff's counsel's billing records (Doc. 25-2) for the Court's approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

       Having carefully reviewed the joint letter, the proposed settlement agreement, and Plaintiff's counsel's billing records,[1] the Court finds that the proposed settlement agreement "is a fair and reasonable resolution of the dispute." *Kopera v. Home Depot U.S.A., Inc.*, No. 09-CV-8337, 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011). In reaching the agreement, the parties have considered "the significant risks that continued litigation would entail." (Doc. 26 at 4). Moreover, Plaintiff's counsel's fee award under the proposed settlement, which constitutes 33.33% of the total settlement amount, is reasonable. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award."); *see also Feliz*

---

[1] Plaintiff's counsel's hourly rate in this action is $300 per hour. (Doc. 26-2). The Court finds this rate appropriate, given Plaintiff's counsel's experience litigating wage and hour matters. *See, e.g.*, *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 14-CV-02328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) (awarding a rate of $300 per hour for associate with eight years of experience); *Torres v. Gristede's Operating Corp.*, No. 04-CV-03316, 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012), *aff'd*, 519 F. App'x 1 (2d Cir. 2013) (same).

*v. Parkoff Operating Corp.*, No. 17-CV-7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Alt v. Soc. Impact 360, Inc.*, No. 20-CV-4478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases.").

To be sure, the lodestar amount ($19,020.00) is less than Plaintiff's counsel's fee award ($41,666.67) under the proposed settlement agreement, resulting in a multiplier of about 2.19. This multiplier, however, is justified, as it reasonably compensates Plaintiff's counsel for incurring the risks associated with contingency work. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases. The plaintiffs' bar is presumably selective enough with the cases they take on to win a recovery in at least half of them. A multiplier near 2 compensates them appropriately.").

The Court also notes that the proposed settlement agreement contains a Confidentiality and Non-Disclosure provision. (Doc. 26-1 ¶ 5). "Although the Court is mindful that, in certain cases, confidentiality provisions may excessively restrict plaintiffs' ability to discuss settlements and thus run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair, the Court finds that this concern is not present here." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (internal quotation marks and brackets omitted). Indeed, the confidentiality provision here contains a carveout permitting Plaintiff to "respond truthfully to any inquiry regarding" the proposed settlement agreement. (Doc. 26-1). And although Plaintiff "agrees that he will not initiate any conversations or communications concerning terms of the Agreement with any friends, current

2

or former co-workers, and/or the media and that he will not disclose any terms of this Agreement on any website, blog, or other electronic media," (*id*.), "the Court is aware of no reason why a settling plaintiff should be allowed to accept less than the maximum potential recovery on the basis of litigation risk, but not be permitted to make nonmonetary concessions, such as minor restrictions on his right to comment on the case, for the same reason." *Lola*, No. 13-CV-05008, 2016 WL 922223, at *2. "[I]t is by no means irrational or improper for Plaintiffs to compromise words for dollars as part of a global, arms-length settlement." *Id*. Accordingly, this provision, which is the result of arms-length bargaining between experienced counsel, comports with the FLSA's purpose of protecting against employer abuses.

In light of the foregoing, the proposed settlement agreement is approved. *See Kopera*, 2011 WL 13272403, at *1 ("'If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.'" (quoting *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-CV-8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010))). The parties are directed to file a fully executed stipulation and order of dismissal with prejudice by August 19, 2021.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 26.

SO-ORDERED:

Dated: White Plains, New York
       August 12, 2021

_____
Philip M. Halpern
United States District Judge